Good morning, Your Honor. Good morning. Leon Mayer, on behalf of the Plaintiff Appellant, Mr. Guy Rizzo. Before I begin, I'd just like to reserve a little time for rebuttal. How much time? Three minutes. Very well. This case is about whether Mr. Rizzo's personal liability for the unpaid Michigan single business tax of a company which he had a significant ownership interest in, Jefferson Beach Properties, was discharged in his personal bankruptcy case. The issues that were presented for appeal are whether the bankruptcy court erred in holding that single business tax, which is a tax assessed by the State of Michigan against businesses, which has since been repealed. Could you keep your voice up just a little, please? I'm sorry, Your Honor. Whether the single business tax assessed to the business owned by Mr. Rizzo was an excise tax as to him personally, and whether it renders his liability for the single business tax under Michigan law non-dischargeable in his bankruptcy case. You concede that it was an excise tax, is that right? I concede the single business tax is an excise tax. You claim somehow the excise tax doesn't, or somehow it doesn't become an excise tax as to him. Yes, Your Honor. As to the person it's assessed to. Right. I mean, how does that make any logic? I mean, if it's an excise tax, what does it matter what entity it's assessed against? I mean, it seems to me a tax is a tax, and what is it? And for that, I cite to the UnitedHealthcare case. You concede it's an excise tax? I concede it's an excise tax. You say that as to him, somehow it no longer is an excise tax. All of a sudden it was an excise tax, and it's not as to the entity that it's assessed against. I mean, how does that work? Well, I'm trying to get there. Okay, tell me how that works. Well, first of all, there's three reasons why the single business tax is not an excise tax as to Mr. Rizzo personally. First, state law determines an excise tax attributes, and that's the UnitedHealthcare case out of the Third Circuit in 2005. Second, Michigan law determines that the SBT is a tax on business activity, and proposition for that is the Trinova Court case versus Michigan Department of Treasury, a 1991 U.S. Supreme Court case that construed Michigan's single business tax. And finally, business activity is defined as a transfer of title to property with the object of gain, direct or indirect, to the taxpayer. And again, Trinova makes that proposition and it cites directly to Michigan law, MCL 208.3. Here, in this case, the single business tax against the company resulted as a result of the foreclosure sale of all of the company's assets by its secured lender, and it subsequently sold those assets, which triggered a single business tax liability against the business. Mr. Rizzo, the individual who owned about half of the company, 45% of it, he didn't sell anything. He didn't engage in any business activity. But he's liable under Michigan law for that accident. He's liable for the failure of the entity to pay the tax. So, he's responsible for the excise tax. He's responsible for the company's failure to pay the excise tax. But is it an excise tax as to him? And my argument is, it is not. And so, my point is, he didn't engage in any business activity. He just was a victim of the foreclosure sale and as a result of the sale of the assets by its lender, he didn't do it. He didn't want it done. It was done involuntarily. This single business tax arose. And so, yeah, he's liable for the company's failure to pay it, but that doesn't mean it's an excise tax as to him individually. That's my argument. Does the statute make that distinction or does it just say that excise taxes are not dischargeable? The Michigan statute? We're talking about the bankruptcy statute, aren't we? Well, the bankruptcy statute says an excise tax is non-dischargeable. It doesn't specify as to why it was assessed or that he's secondarily responsible. It just says that excise taxes are not dischargeable, does it not? Well, it does, but Section 523A of the Bankruptcy Code has two subparts. One, it refers to 507A8, which is a set of priority taxes that are non-dischargeable, and it lists seven different taxes, one of which is excise tax, another one of which is property tax, another one is withholding tax that was collected but not paid over. And that whole laundry list of taxes is accepted from discharge. And so the Bankruptcy Code says all those taxes are not dischargeable. But one of those items in that list specifically says that the debtor does not receive a discharge for it if he's liable for it in whatever capacity. None of the other six subtaxes that are listed in 507, which are referred to in 523, have that. It's not carved out. And so why would Congress say you're liable for payroll withholding taxes regardless of whatever capacity you're in, but completely disregard the capacity argument with respect to the other taxes, such as excise taxes or property taxes? There has to be a reason for that. So that's why I believe that that statutory construction argument is important. And if we don't read it that way, essentially it makes that language unnecessary under the withholding tax portion of 507A8C. Do you have any authority in support of your position? Well, I have the statutory construction argument that it just makes sense. Any cases? No. It's a new argument. There's none yet, huh? Yeah, there's none yet. That doesn't mean there shouldn't be. And it's absolutely a novel issue, I believe. And if that's the case, then what was the point of adding that liable in whatever capacity under 507A8C? It's meaningless. All right. Do you have any legislative history as to why Congress did that? Well, I do have the Sotelo case, which Congress incorporated into the code in 1982, the bankruptcy code, that is. Sotelo was a 1978 U.S. Supreme Court case regarding a taxpayer's conversion of withholding taxes. And in that case, Mr. Sotelo didn't pay the taxes over to the IRS. And Sotelo held, and it's on page 278 and 279 of that opinion, that Congress's perception of the consequences of a corporate bankruptcy makes it most unlikely that the legislature intended Section 17A1A of the Bankruptcy Act to apply only to the corporation's liability for unpaid withholding taxes because corporate dissolution has a practical effect of discharging all taxes. And that result would directly be inconsistent with Congress's declaration that the amendments to that same section of the Bankruptcy Act met the Department's concern about ensuring post-bankruptcy liability for these withholding taxes. So Sotelo specifically dealt with withholding taxes, and when Congress enacted the bankruptcy code four years later in 1982, they were very concerned about that, and that was one of the reasons why they included that language in 507 A.H.C. They didn't include it under the excise tax section. So to me, that was the basis of the Bankruptcy Act in Congress. Except they also said the excise tax wasn't dischargeable. Congress, right? So what are we to make with that language? They said an excise tax isn't dischargeable, but I'm saying it's not an excise tax as to... Let me ask you this. If the business were viable and didn't pay their tax, would your client be liable for the excise tax? If there was no bankruptcy, it was just a viable business, and they didn't pay the excise tax, would your client be liable for it under Michigan law? Under Michigan law? Yes. So he would be liable for it. Then they go to bankruptcy, and the statute says it's non-dischargeable. How does that change anything? Well, the Michigan law, MCL, I think it's 205.27a, says the responsible officer of the company is liable for the failure. It's the failure to file the return or to pay the tax, which basically puts him into a guarantor position. He's liable for the unpaid dollars. It's almost like he's the backstop for the company. If the company doesn't do it, you have to pay it. But it's not an excise tax as to him because he didn't engage in the business activity. He just happened to own the business. This is basically piercing the corporate veil and making the individual officer liable for the company's debt. That's what Michigan law does as to the single business tax. I mean, you started your brief that you thought it was a bad policy and all this, but that's what the law is in this case. Right. Whether it's bad policy or not, they did pierce the corporate veil and in this instance hold your client responsible for the single business tax. Well, that's what they did, and he is liable for the dollars. The question is once he files bankruptcy, the rules change. It's a different world. We have an exception carved out. I mean, we have a list of taxes carved out that the debtor does not receive a discharge for. However, there are seven items in that list, and only one of them makes it whatever capacity he's in and the other ones don't. So my feeling is they don't really apply. They apply to the actual taxpayer. He's not the actual taxpayer. He's the backstop. He's the guarantor. Okay. I think we understand your argument. Any further questions at this point? All right. Let's hear from the State of Michigan. Good morning, Your Honors. Good morning. Allison Dietz on behalf of the Michigan Department of Treasury. Appellant spends much of his brief and today's argument stressing the importance of statutory construction principles. This case is so simple that there's no need to employ statutory construction principles to begin with. It's a statutory interpretation case, right? I don't believe so, Your Honor. Well, yes, but I believe the statutory interpretation analysis begins with the relevant code sections, and the analysis in this case starts with 523A1A. If you look at that code section, it very clearly states that an individual debtor is not discharged from any debt. Any debt is the phrase, and then it references of the kind listed in 507A8, the priority statute. That's the second part of the analysis. Reference to 523 makes it very clear. Any debt is an expansive term. It is not restrictive. Any debt for what, though? I mean, any debt is modified. If it weren't, then the bankruptcy petition wouldn't accomplish anything, right? So it's narrowed somehow, and it's narrowed by the excise tax language, and I guess Mr. Rizzo's position is that only the company owed the excise tax directly, and he's making an inference that indirect liability is not enough to make his obligation non-dischargeable under the code. That is correct, Your Honor, with reference to the first portion of your statement. 523, the phrase any debt, is restricted once you refer to the priorities listed under 507A8. There is a restriction. That's where the restrictive nature comes in. But before you even get there under 523 and you're looking at the any debt, there's no language that says any debt that originally accrued to the debtor, or this doesn't include debt for which a debtor is derivatively liable. It simply says any debt as limited by 507A8. When you get to 507A8 and you refer to the excise tax exception under subsection E, again, there's absolutely no language or no statutory requirement that it be a debt that originally accrued to the debtor. There's no restriction or no limitation on that. It simply says that if it's an excise tax on a transaction for purposes of 507A8, which is undisputed at this point in this case that the single business tax is in fact an excise tax on a transaction, it's not dischargeable, plain and simple. Yeah, but you're attributing to your opponent an argument he's not making. I mean, his argument is that his client must be directly liable in order for this to be nondischargeable under the code. And he draws that inference from another exception to discharge, which says that exception applies regardless of what capacity the debtor takes on that debt, directly or indirectly. So, I mean, why isn't he correct in saying that we ought to construe the other provisions only to involve direct liability, in this instance, for the excise tax? Frankly, Your Honors, there's no case law, there's no statutory law or anything that indicates that the essential character, as Sotelo referenced it, the essential character of the underlying tax changes, whether the assessment is against the company directly or if it's the derivative liability for the corporate officer, in this case, Mr. Rizzo. Sotelo, in fact, explicitly stands for the proposition that the underlying tax nature does not change. Even use of the word penalties in the IRC, the court still determined that, hey, they might have used the word penalty, but at the crux of the case, at the end of the day, they're being held responsible for the failure to pay the tax. It's actually the tax, regardless of the language. The underlying assessment doesn't change. In this case, Mr. Rizzo was assessed for single business tax liabilities. He was notified of that by Treasury. He did not appeal those assessments at any point in time and never argued that, hey, I might be liable for the money paid, but I'm not liable for an excise tax. Those arguments were never made. To try to make those arguments today, I think, is extending and, frankly, allowing for a misapplication of Sotelo. Counsel references the language of in whatever capacity that's included in subsection C. That's nothing more than the codification of the actual holding in Sotelo, which dealt with, on the facts of the case, withholding taxes and withholding taxes exclusively. The reference to the Sotelo case will indicate that the Supreme Court found Sotelo, even under the principles of derivative liability, responsible for his company's withholding taxes under a version of the bankruptcy code that didn't include in whatever capacity. So the Sotelo decision itself stands for the premise that that language isn't necessary to still hold the person derivatively liable. So it's kind of a superfluous, it's unnecessary language. Yes, it's basically just a simple codification of the exact holding of Sotelo, which was clearly… It often does. Yes. And given the timing of Sotelo, it was clearly on the forefront of people's minds with respect to the bankruptcy code changes. Okay. It's my understanding that the single business tax has been repealed and replaced by something else. That is correct. And the tax that replaced it has been repealed. The issue here is an issue of first impression. I mean, there is no authority on this thing. And often we'll publish cases that are issues of first impression. However, once I learned that we don't have single business tax anymore, what's the position of the state of Michigan as to publishing this decision? Would it be helpful, necessary, good idea? What do you think? Your Honors… Depends on what we do, huh? Yeah. Well, first of all… That is true. That is true. The single business tax, you're correct, has been repealed. In fact, the tax that replaced it, in all candor to the court, has also been repealed and been replaced by yet a third sort of business tax. We now have the corporate income tax. But issues, especially with respect to bankruptcy cases, issues regarding surrounding single business tax and subsequently the Michigan business tax still come up very frequently and very regularly. It would be helpful with either way the court finds in this particular case to provide guidance for those of us who are dealing with this regularly. That's basically what I wanted to know. Thank you. Any further argument? Not at all, Your Honor. Just simply, again, a reference that this case is really one that's very simple. You need simply to look at 523A1 and then reference 507A8, and it's clear that the bankruptcy court, the district court ruled appropriately and the bankruptcy court's decision should be upheld. Any further questions? Thank you, sir. Thank you, counsel. Three minutes rebuttal. Thank you, Your Honor. I'm just going to address the unambiguous part of the interaction between Section 523 of the bankruptcy code and 507. If you look at 507, as I said earlier, there's a list of seven taxes listed. And if you look at 523, it refers to that section of seven taxes. It says any of the taxes listed in 507A8 are non-dischargeable, and that list in A8 has those seven taxes. So if you just look at 523 and 507A8 sub E, which deals with excise taxes, okay, it's unambiguous. But can you just stop there? Can you stop at that plain language, or do you have to consider other canons of statutory construction when you're construing it? And those other canons of statutory construction are you have to look at a statute so that no word is rendered superfluous, no phrase is rendered superfluous. And if you take a step back, that renders the language in 507A8C superfluous regarding liable in whatever capacity. So that's one problem. A second problem is you have to look at the statute as a whole. You just can't look at it in one piece. And if you don't look at it as a whole, it is ambiguous. So that's the second piece. And the third piece that makes it ambiguous is, let's see, you know, the special language is missing. You have to look at it as a whole. And so you just have an ambiguity because you have competing canons of statutory construction. And if there is any ambiguity in determining whether an exception to discharge should be granted, there is substantial case law that that ambiguity has to be resolved in favor of the debtor as opposed to the creditor. And so if you want to just stop and just look at it as one little piece. The other way around. I thought it was exemptions in bankruptcy are construed not in favor of the debtor. No, I'm not talking about exemptions. I'm talking about exceptions to discharge. If there is an ambiguity to whether an exception to discharge should be granted, it's supposed to be construed in favor of the debtor. The ambiguity, if it's a close call, it goes the debtor's way. So I don't believe, I believe if you just look at it very narrowly, and that linkage, it's ambiguous. But if you look at it and take a step back and look at the other canons of statutory construction, they intersect and they clash and they do make it ambiguous. All right, very good. Any further questions? The case will be submitted. Thank you, Counsel. Thank you. Do you want me to call the next case?